

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

December 12, 1968

Hon. John Kinross-Wright
Commissioner, Texas Department
   of Mental Health & Mental
   Retardation
Box S, Capitol Station
Austin, Texas 78711

Opinion No. M- 317

Re: Authority of Texas Depart-
ment of Mental Health and
Mental Retardation to furnish
medical records on former
patient residents of the
region served by local com-
munity centers to such
centers, and related question.

Dear Dr. Kinross-Wright:

In your request for an opinion, you state the follow-ing:

"Under authority of the Texas Mental Health
and Mental Retardation Act, being Article 5547-201
through 5547-204, enacted by Acts 1965, 59th Legis-
lature, Regular Session, page 165, chapter 67, ef-
fective September 1, 1965, as amended, approximately
25 community mental health and mental retardation
centers have been established in this State. Thir-
teen of these centers have received State grants-
in-aid from this Department and are providing serv-
ices to the mentally ill and mentally retarded.
In order to coordinate and evaluate the State's
mental health and mental retardation services
program provided by these community centers,
State hospitals, State out-patient clinics and
State schools for the retarded, it is the desire
of this Department, through its Office of Data
Processing, to furnish medical records to com-
munity centers on patients who have been treated
in a State operated facility. The medical records
that would be furnished each community center
would be those of residents of the region served
by the particular community center. Conversely,
it is desired that the community centers be able
to furnish to the Department the medical records
on patients treated locally. This would allow
the Department to collect vital information as
to the total mental health mental retardation
services program and would afford to each

-1542-

mentally ill and mentally retarded person involved a continuity of treatment. These medical records, of course, would identify each patient by name.

"Wherefore, your opinion and advice on the following questions is respectfully requested:

"1. May the Texas Department of Mental Health and Mental Retardation furnish to local community centers the medical records on persons who have been treated in its institutions who are residents of the region served by the local community center?

"2. May community centers furnish to the Department medical records on persons treated by such local community centers?"

The purpose of the Texas Mental Health Code is to provide humane care and treatment for the mentally ill and to facilitate their hospitalization, enabling them to obtain needed care, treatment and rehabilitation with the least possible trouble, expense and embarrassment to themselves and their families, and to eliminate as far as possible the traumatic effect on the patient's mental health of public trial and criminal-like procedures, and at the same time to protect the rights and liberty of everyone. It is also the legislative purpose that Texas contribute its share to the nation-wide effort through care, treatment and research to reduce the prevalence of mental illness. Article 5547-2, Vernon's Civil Statutes.

It is further the purpose of this Act to provide for the conservation and restoration of mental health among the people of this State, and toward this end to provide for the effective administration and coordination of mental health services at the State and local levels, and to provide, coordinate, develop and improve services for the mentally retarded persons of this State to the end that they will be afforded the opportunity to develop their respective mental capacities to the fullest practicable extent and to live as useful and productive lives as possible. Article 5547-201, Section 1.01(a), Vernon's Civil Statutes.

Article 5547-9, Vernon's Civil Statutes, authorizes the Board for Texas State Hospitals and Special Schools to

prescribe the form of applications, certificates, records and reports provided for under this Code and the information required to be contained therein; to require reports from the head of any mental hospital relating to the administration, examination, diagnosis, release or discharge of any patient; and to adopt such rules and regulations not inconsistent with the provisions of this Code as may be necessary for proper and effective hospitalization of the mentally ill.

Article 5547-87, Vernon's Civil Statutes, provides the following:

"(a) Hospital records which directly or indirectly identify a patient, former patient, or proposed patient shall be kept confidential except where

"(1) consent is given by the individual identified, his legal guardian, or his parent if he is a minor;

"(2) disclosure may be necessary to carry out the provisions of this Code;

"(3) a court directs upon its determination that disclosure is necessary for the conduct of proceedings before it and that failure to make such disclosure would be contrary to the public interest, or

"(4) the Board or the head of the hospital determines that disclosure will be in the best interest of the patient.

"(b) Nothing in this section shall preclude disclosure of information as to the patient's current condition to members of his family or to his relatives or friends."

Article 5547-202, Section 2.23, Vernon's Civil Statutes, provides the following:

"(a) Any person, hospital, sanitorium, nursing or rest home, medical society, or other organization may provide information, interviews, reports, statements, memoranda, or other data related to the condition and treatment of any person to the State Department of Mental

Health and Mental Retardation, medical organizations, hospitals and hospital committees, to be used in the course of any study for the purpose of reducing mental disorders and disabilities, and no liability of any kind or character for damages or other relief arises against any person or organization for providing such information or material, or for releasing or publishing the findings and conclusions of such groups to advance mental health and mental retardation research and education, or for releasing or publishing generally a summary of such studies.

"(b)  The Department, medical organizations, hospitals and hospital committees may use or publish these materials only for the purpose of advancing mental health and mental retardation research and education, in the interest of reducing mental disorders and disabilities, except that summaries of such studies may be released for general publication.

"(c)  The identity of any person whose condition or treatment has been studied shall be kept confidential and shall not be revealed under any circumstances.  All information, interviews, reports, statements, memoranda, or other data furnished by reason of this Act and any findings or conclusions resulting from such studies are declared to be privileged."

We answer both of your questions in the affirmative. However, the identity of the patient shown on the confidential reports shall be made available only to authorized personnel of the Texas Department of Mental Health and Mental Retardation and the local community centers where it is determined by the Department that such disclosure may be in the best interest of the patients or is necessary to carry out the provisions of the Mental Health Code.

### S U M M A R Y

(1)  The Texas Department of Mental Health and Mental Retardation may furnish to local community centers the medical records of persons who have been treated in its institutions who are residents of the region served by the local community center.

(2) Community centers may furnish to the Texas Department of Mental Health and Mental Retardation medical records on persons treated by such local community centers.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Jack Sparks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
Thomas Mack
Lonny Zwiener
Fielding Early
Florence Baldwin

A. J. CARUBBI, JR.
Executive Assistant